THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EUGENE TRAVERS, Appellant.— Appeal by the defendant from an order of the Supreme Court, Kings County, entered January 6, 1964, which denied his motion: (1) to vacate a judgment of the former County Court, Kings County, rendered March 16, 1962, insofar as it imposed sentence on defendant as a second felony offender; and (2) to resentence him as a first felony offender. Appeal dismissed. An order denying a motion for resentence is not appealable (*People* v. *Horne*, 18 A D 2d 695; *People* v. *Machado*, 18 A D 2d 1103; 23 A D 2d 690). Nevertheless, we have examined the merits of the defendant's contention that he was improperly sentenced as a second felony offender on the basis of a prior United States Army general court-martial conviction. The said court-martial convicted him of two charges — mutiny and participating in a riot. In our opinion, the latter would be felonious if committed in New York (Penal Law, §§ 2090, 2091). Even if mutiny would not be a felony if committed in this State, the case cited by defendant (*People* v. *Caracelli*, 309 N. Y. 853) is not controlling since the military crimes of mutiny and participating in a riot are not inconsistent with one another. Irrespective of whether the defendant was also convicted of an offense which would not be a felony if committed in this State, he was convicted of a crime which would be such a felony, and that conviction was an adequate basis for sentencing him as a second felony offender (cf. *People* v. *Cunningham*, 19 A D 2d 537, affd. 14 N Y 2d 501). Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIE WILSON, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 20, 1964 on his plea of guilty, convicting him of possession of burglar's tools, as a misdemeanor, and sentencing him, pursuant to article 7-A of the Correction Law, to an indefinite term in the New York City Penitentiary. Judgment affirmed. Defendant's only claim on this appeal is that the sentence imposed pursuant to article 7-A of the Correction Law is illegal because he is not reformable. On the facts in this record we find such claim to be without merit. Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.